# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMPSON S. AUSTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERMAN, *et al.*,<br><br>    Defendants. | Case No.  1:18-cv-01630-BAM (PC)<br><br>ORDER GRANTING MOTION TO AMEND<br><br>(ECF No. 9)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Sampson S. Austin ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.  Currently before the Court is Plaintiff's motion for leave of Court to augment initial filing due to additional information, filed June 17, 2019.  (ECF No. 9.)  The Court construes this filing as a motion for leave to file an amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

1  litigation; or (4) is futile." Id.

2      In his motion, Plaintiff states that he wishes to augment his original filing to include

3  additional information that is material and substantive to the claims at issue. (ECF No. 9) In

4  considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay

5  in litigation, or futility. Plaintiff's complaint has not yet been screened and no defendants have

6  been served or have appeared in this action. Accordingly, Plaintiff's motion to amend shall be

7  granted. After Plaintiff files his amended complaint, it will be screened in due course.

8      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft

10 v. Iqbal, 556 U.S. 662, 678-79 (2009). Although accepted as true, the "[f]actual allegations must

11 be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

12 Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

13     Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

14 claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

15 "buckshot" complaints).

16     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

17 Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended

18 complaint must be "complete in itself without reference to the prior or superseded pleading."

19 Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by

20 reference.

21     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend the complaint,

22 (ECF No. 9), is GRANTED. Plaintiff's first amended complaint is due within **thirty (30) days**

23 from the date of service of this order.
   IT IS SO ORDERED.
24

25   Dated:   **June 18, 2019**              /s/ Barbara A. McAuliffe
26                                          UNITED STATES MAGISTRATE JUDGE

27

28

2