# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMPSON S. AUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>SHERMAN, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01630-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 13)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br>(ECF No. 12)<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff Sampson S. Austin ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

    On June 19, 2019, the Court granted Plaintiff's motion for leave to amend and directed Plaintiff to file a first amended complaint within thirty (30) days. (ECF No. 11.) On July 29, 2019, Plaintiff filed a motion requesting an extension of time to file his first amended complaint, which was docketed on July 30, 2019. (ECF No. 12.) Also on July 30, 2019, due to Plaintiff's failure to file a first amended complaint, the Court issued an order for Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to prosecute. (ECF No. 13.) It appears that Plaintiff's motion has crossed in the mail with the Court's order to show cause, therefore the Court finds it appropriate to discharge the order to show cause.

///

1

In his motion for extension of time, Plaintiff states that he has not yet received responses from CDCR as to documents requested from CDCR's Archives, and other documentation showing that Plaintiff was overly detained prior to his release. Plaintiff states that he will try again to request those documents, and requests an extension of thirty days to file his amended complaint. (ECF No. 12.)

First, the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. Under the mailbox rule, a prisoner's pleadings are deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Now that Plaintiff has been released from custody, when papers are mailed to the clerk's office, filing is complete when the papers are *received* by the clerk. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (emphasis added). In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline. Although Plaintiff's motion for extension of time is untimely, the Court will make a one-time exception.

Finally, Plaintiff's stated reason for the requested extension of time is to allow him a further opportunity to gather documents to support the claims in his first amended complaint. Plaintiff is reminded that, at the pleading stage, factual allegations are accepted as true, and documents to support those allegations are not necessary. Therefore, the need to gather additional documents to attach to an amended complaint does not present good cause. However, the Court finds it appropriate to allow Plaintiff time to receive and comply with the Court's order.

Based on the foregoing, it is HEREBY ORDERED that:

1. The July 30, 2019 order to show cause, (ECF No. 13), is DISCHARGED;
2. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. 12), is GRANTED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint in compliance with the Court's June 19, 2019 order;

4. Any request for an extension of the deadline set in this order must be received by the Court before the deadline expires, and must be supported by a showing of good cause; and
5. **Plaintiff's failure to respond to this order will result in the dismissal of this action, with prejudice, for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated: **July 31, 2019** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE