# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMPSON S. AUSTIN,<br><br>           Plaintiff,<br><br>   v.<br><br>STU SHERMAN, et al.,<br><br>           Defendants. | Case No. 1:18-cv-01630-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 15)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Sampson S. Austin ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on August 20, 2019, is currently before the Court for screening. (ECF No. 15.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is a former state prisoner. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California.

Plaintiff's first amended complaint is confusing and disjointed. As best as the Court can determine, Plaintiff is alleging that defendants intentionally failed to remove an administrative determination of violent, which was removable seven years from Plaintiff's last violent crime. Plaintiff alleges that the last violent crime was 23 years before the removal of the determination.

Plaintiff also appears to allege that a few weeks before his release, he was finally "given the 33% reduction of time" instead of the 50% at the time of his incarceration when an arbitrary violent administrative determination was assigned to him without reason. Plaintiff contends that this precluded his constitutional interest in his right to liberty.

Plaintiff further alleges that since he was afforded the 33% reduction without any exigency "there was no REASON WHATSOVER to withhold LEGAL-RIGHTFUL credits which would have CUT down his imprisonment by 7% over the course of the sentenced 7 (seven)

years at 50% given by the SENTENCIG COURT per Penal Code and Statute construct, or 1277 days MINUS 130 days of credit by the Court, leaving 1147 days which represented the 50% reduction." (Doc. No. 15 at 2.)

Plaintiff further appears to allege that under Title 15 he should have been assigned to level one housing. If he had been assigned to level one housing, then he also should have received one-for-one good conduct credits beginning on May 1, 2017. Plaintiff appears to claim that because he wrongfully was not assigned to level one housing, he was deliberately denied one-to-one good conduct credit in addition to his 33% decrease. Plaintiff essentially contends that he was over-detained by 411 days, and he should be compensated for this over-detention.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given an opportunity to the cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's amended complaint fails to identify any defendant in connection with his allegations. Although Warden Stu Sherman is identified in the caption, he also is not named in the allegations. Plaintiff has not adequately identified or linked any defendant to an action or omission that resulted in a violation of his constitutional rights. If Plaintiff elects to amend his complaint for a second time, he must identify each defendant and allege what each of these defendants did or did not do that resulted in a constitutional violation.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. Plaintiff may not simply refer to his prior pleading in order to state a claim. Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. In any amended complaint, Plaintiff should clearly state what happened, when it happened and who was involved without reference to any prior pleading.

### C. Eighth Amendment

A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. See Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due

process." Id. at 1354 (internal citations omitted).

Here, Plaintiff's amended complaint fails to state a cognizable deliberate indifference claim against any defendant. There is no indication in Plaintiff's amended complaint that prison officials knew of, but were deliberately indifferent to, the appropriate length of Plaintiff's sentence or that any reduction should have been applied.

### D. Due Process

"The due process clause of the Fourteenth Amendment protects individuals from unlawful state deprivation." Ward v. Brown, 891 F.Supp.2d 1149, 1163 (E.D. Cal. 2012). The Ninth Circuit has found that over detention can violate a prisoner's civil rights. Id. In assessing a due process violation related to excessive custody, the "court's first task is to determine whether *Paratt* (random act) or *Logan* (official practice and procedure) controls." Haygood, 769 F.2d at 1359. Random and unauthorized deprivations by state prison officers cannot be prevented by due process hearings," and "a remedial hearing after the injury can provide due process in a narrowly limited class of cases." Id. at 1357. However, "where the injury is the product of the operation of state law, regulation or institutionalized practice, it is neither random nor unauthorized." Id. Thus,

> [i]f the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done. When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

Id. at 1359.

Here, there is no indication in Plaintiff's amended complaint that any official with the requisite authority knew of any erroneous or wrongful practice or alleged miscalculation of Plaintiff's release date.

### E. Housing/Classification Level

Plaintiff appears to complain about the housing level to which he was assigned. Plaintiff, however, does not have a liberty interest in any particular classification level while in prison. See, e.g., Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff does not have a freestanding constitutional right to a particular classification level or to be housed in a particular prison. See

5

Olim v. Wakinekona, 461 U.S. 238, 244–245 (1983) (finding no justifiable expectation of incarceration in a particular state or in any particular prison); Meachum v. Fano, 427 U.S. 215, 224–225 (1976) (finding no justifiable expectation of incarceration in a particular prison within a state).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, as previously noted, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey., 693 F.3d at 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. If Plaintiff fails to file a second amended complaint in compliance with this order,

the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 28, 2020**      /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE