# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMPSON S. AUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01630-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 20)<br><br>**FOURTEEN-DAY DEADLINE** |

      Plaintiff Sampson S. Austin ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 30, 2020, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 17.) Plaintiff's second amended complaint, filed on April 2, 2020, is currently before the Court for screening. (ECF No. 20.)

    **I.**    **Screening Requirement and Standard**

      The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is a former state prisoner.   The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names the following defendants: (1) J. Vila, Appeals Examiner; (2) C. Mauldin, Correctional Counselor II; (3) D. Sanchez, Associate Warden; (4) Stu Sherman, Warden; (5) M. Solorio, Counselor; (6) A. Williams, Classification Committee Chairperson.

The crux of Plaintiff's second amended complaint is that while he was incarcerated, CSATF officials improperly refused to remove a VIO administrative determinant.  Plaintiff contends that the failure of CSATF officials to remove the VIO administrative determinant and lower his classification score prevented him from earning credits and from being released 417 days earlier.  Plaintiff seeks monetary compensation for the "overdetention."  (ECF No. 20 at 5.)

Plaintiff contends that he had right to earn credits and move to lower classification level,

2

and CSATF officials improperly failed to remove the VIO administrative determinant stemming from a 23-year-old violent offense. Plaintiff asserts that the determinant should have been removed after 7 years. (ECF No. 20 at 8-9.)

Defendant Mauldin

On June 19, 2017, Plaintiff filed a 602 requesting removal of the VIO determinant according to Title 15 regulations. On June 30, 2017, Defendant Maudlin interviewed Plaintiff. Defendant Maudlin denied the removal, relying on a 1993 probation report and the determination of the June 8, 2017 committee.

According to exhibits attached to the original complaint and relied upon in the second amended complaint,[1] Defendant Maudlin, along with Associate Warden P. Brightwell, provided a First Level Response to Plaintiff's appeal, Log #SATF-B-17-03019. (ECF No. 1 at 38-39, Ex. C to Compl.) The response addressed Plaintiff's contention that the "Facility 'B' Unit Classification Committee (UCC) violated [his] due process rights in regards to a case-by-case (CBC) review for the removal of the Violence (VIO) Administrative Determinant (AD)." (Id. at 38.) Plaintiff requested "to have the VIO AD removed and to be granted sixty-six (66) percent (%) good conduct credits (PC 2933 credits)." (Id. at 38.) Defendant Maudlin and Associate Warden denied Plaintiff's appeal at the First Level based on a finding that the UCC based its decision to retain the VIO AD based on the case factors of 15 C.C.R. § 3375.2(b)(29)(J)(5). (Id.

---

[1] Plaintiff attached copies of the appeal, Log #SATF-B-17-03019, and related responses, to his original complaint, which he identifies in his second amended complaint. While Plaintiff does not again attach those exhibits to his second amended complaint, he nevertheless references his appeal and related responses and refers to the denial of his appeal as the basis for his claims in the second amended complaint. In the interest of judicial economy and because Plaintiff is proceeding pro se, the Court will consider Plaintiff's appeal and associated responses referenced and relied on in Plaintiff's second amended complaint. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (noting that a court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."); Powell v. Basto, No. 3:19-cv-00913-GPC-AHG, 2019 WL 5454268 (S.D. Cal. Oct. 24, 2019) (considering prisoner's appeal and responses to the appeal attached as exhibits to original complaint when screening prisoner's first amended complaint where amended complaint did not attach the exhibits but referenced the prisoner's appeal and relied on its denial in support of claims alleged in amended complaint).

at 39.)

#### Defendant Warden Sherman

After denial of administrative appeal at the first level, Plaintiff proceed with his claim to the second level review. At the second level, Defendant Warden Sherman reportedly summarily denied Plaintiff's request for removal of the VIO administrative determinant. Plaintiff alleges that Defendant Warden Sherman provided no plausible explanation related to the last violent offense in 1993.

According to exhibits attached to the original complaint and relied upon in the second amended complaint, Defendant Warden Sherman provided a Second Level Response to Plaintiff's appeal, #SATF-B-17-03019. (ECF No. 1 at 41-42, Ex. D. to Compl.) The response addressed Plaintiff's contention that "the Unit Classification Committee (UCC) hearing conducted on June 8, 2017, violated [his] rights as well as [his] right to due process." (Id. at 41.) Plaintiff again requested removal of the VIO administrative determinant and the granting of a 66% good conduct rate. (Id.)

Defendant Sherman denied Plaintiff's appeal at the Second Level, finding that Plaintiff VIO AD remained appropriate. Defendant Sherman indicated that the UCC's decision to retain the VIO AD was "based on the criteria noted in CCR 3375.2 (b) (29) (J) (5)" and the Classification Committee Chrono dated June 8, 2017, clearly documented the reasons for retention of the VIO AD. (ECF No. 1 at 42.)

#### Defendant J. Vila

Defendant Vila denied Plaintiff's appeal at the third level of review. Plaintiff claims that Defendant Vila, despite citing to the California Code of Regulations sections 3084.1 and 3375.2, provided no plausible or reasonable basis to deny Plaintiff's request to remove the VIO administrative determinant.

According to exhibits attached to the original complaint and relied upon in the second amended complaint, Defendant Vila, Appeals Examiner, provided a Third Level Response to Plaintiff's appeal, SATF-17-03019. (ECF No. 1 at 44-45, Ex. E to Compl.) Defendant Vila addressed Plaintiff's position that he had been inappropriately assessed the VIO administrative

4

determinant. Defendant Vila denied Plaintiff's appeal at the Third Level, finding that Plaintiff was "afforded an appropriate VIO Administrative Determinant review and was appropriately retained pursuant to CCR 3375.2." (Id. at 45.)

Defendant Solorio

Plaintiff alleges that he had many discussions with Defendant Solorio, his counselor, regarding removal of the VIO administrative determinant. Plaintiff asserts that it is the duty of the assigned counselor to bring contested issues to the Committee and to advocate for the inmate after conducting research and briefing the issue to the Classification Committee. Defendant Solorio allegedly failed to advocate for Plaintiff and failed to present any data or facts for removal of the VIO administrative determinant. Rather, Plaintiff asserts that Defendant Solorio was argumentative and confrontational with him and at times refused to see him in violation of her duties and reason for employment.

Defendant Williams

On May 3, 2018, Defendant Williams chaired the Classification Committee. J. Mendez also was present. Plaintiff alleges as follows:

> The usual litany of procedural bureaucracy was enumerated an accepted by the body. Defendant Williams recognized in ¶ two of Comments, that the "Current dept policy [ to be understood to be a recognized and precise course of action to be taken] indicates [points out] that a minimum of 7 years Must elapse since last 'violent offense' [here in 1993 or 23 years hence and the ONLY ONE RECOGNIZED BY CDCR]" NO other deference or other policy is inferred and even if inferred not stated with reason and justification for NOT removing the VIO which was finally removed post filing of law suit and UNDER THE SAME PARAMETERS NEVER VOICED OR STATED BY ANY OF THE DEFENDANTS. SO WHAT CHANGED??? NOTHING other than the blatant violations of defendants constitutionally detrimental to plainff who indeed has and had an interest in his liberty after he concluded his incarceration for the particular offense notwithstanding CDCR's faulty defendant's opinions and political take on a policy that is clearly defined.

(ECF No. 20 at 12-13) (unedited text).

According to exhibits attached to the original complaint and relied upon in the second amended complaint, a Classification Committee Chrono was issued on May 3, 2018 following

5

Plaintiff's appearance before the Facility B UCC for an annual review.[2] (ECF No. 1 at 47, Ex. F to Compl.) The paragraph apparently referenced in Plaintiff's second amended complaint stated as follows:

> Pursuant to current departmental policy, Inmates who have been assessed a VIO Administrative Determinant (AD), either through Automatic Exclusion or case-by-case review in accordance with CCR Title 15, subsection 3375.2(b)(29)(D) and (F)-(1), shall be reviewed for the removal of the AD by a classification committee. Current department policy indicates that a minimum of seven years must have elapsed since the last violent offense which would require automatic application of the VIO administrative determinant or a case by case review pursuant to subsection 3375.2(b)(29)(D) and (F)-(1).

(Id.)

Defendant Sanchez

Defendant Sanchez responded to a letter sent by Plaintiff to Defendant Warden Sherman. regarding the VIO removal and is dated November 7, 2018. Defendant Sanchez reiterated the third level response without any input from Defendant Warden Sherman. Plaintiff alleges that the response reinforces his claims of violations and deliberate indifference.

According to exhibits attached to the original complaint and relied upon in the second amended complaint, Defendant Sanchez authored a letter to Plaintiff, in response to correspondence that Plaintiff addressed to Defendant Warden Sherman. (ECF No. 1 at 49, Ex. G to Compl.) The letter, dated November 7, 2018, stated that "the retention of [Plaintiff's] VIO Administrative Determinant is in compliance with CCR 3375.2(b)(29)(J)(5)," and it further indicated that the "UCC dated May 3, 2018, noted [Plaintiff] present[s] an unacceptable risk to the public, staff and inmates if placed in a minimum custody program and elected to retain the VIO Administrative Determinant, based on [Plaintiff's] case factors." (Id.)

**III.    Discussion**

As indicated above, the crux of Plaintiff's complaint is that CSATF officials refused to remove his VIO administrative determinant thereby preventing him from earning good time credits to shorten his period of incarceration. The Court finds that Plaintiff has not stated a

---

[2]     Plaintiff attached only the first page of the referenced document to his original complaint.

1  cognizable federal claim upon which relief may be granted.

2  First, Plaintiff's contention that the decision of CSATF officials to retain his VIO administrative determination was in error in light of his criminal history and 15 C.C.R. § 3375.2 does not support a constitutional or federal violation.  Rather, it appears that such a claim amounts only to a possible claim of misapplication of state law.  See, e.g., Vu v. Rackley, 2016 WL 3181228 (E.D. Cal. Jun. 8, 2016) (finding petitioner's claim that CDCR's decision to classify her as violent was error in light of her criminal history and 15 C.C.R. § 3375.2(b)(25) does not state constitutional or federal violation, only possibly a state law violation); Merdia v. Davis, No. 18-CV-06433-CRB (PR), 2019 WL 631490, at *1 (N.D. Cal. Feb. 14, 2019) (finding former prisoner's claim that he would have earned more good time credits and been eligible for parole consideration earlier than he was had prison officials applied section 3491, rather than section 3375.2(b)(29)(J), and removed his VIO earlier than they did amounted to no more than a claim of misapplication of state law not cognizable as a violation of a federal right under § 1983).

Second, Plaintiff's contention that his due process rights were violated based on the erroneous decision of prison officials regarding his security classification as violent does not support a cognizable federal claim.  See Vu v. Rackley, No. 2:16-cv-0217 TLN GGH P, 2016 WL 3181228, at *4 (E.D. Cal. June 8, 2016) (finding due process considerations not implicated by a prisoner's challenge to administrative decision to classify her as violent).  It is well established that prisoners have no federally-protected liberty interest in their classification status.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  No federal due process right is implicated by a prison's classification decisions.  See Meachum v. Fano, 427 U.S. 215, 224–25, (1976) ("Transfers between institutions, for example, are made for a variety of reasons and often involve no more than informed predictions as to what would best serve institutional security or the safety and welfare of the inmate."); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (state actions that adversely affect a prisoner's prison classification or qualification for institutional programs, do not automatically activate a due process right);

Third, Plaintiff's contention that his due process rights were violated because he was denied the opportunity to earn credits at a greater rate under California Penal Code § 2933 does

7

not support a constitutional claim.  Under section 2933, prisoners appear automatically to receive good time credits based on time served in prison, and, according to Plaintiff, the rate of accrual was dependent upon his classification.  Because Plaintiff's claims regarding his classification level do not support a cognizable federal claim, his derivative claims based on section 2933 also do not state a cognizable federal claim.  Moreover, it is not evident that section 2933 gives rise to a state-created liberty interest that should be afforded federal due process protection.  See Edwards v. Swarthout, 597 Fed.App'x 914, 916 (9th Cir. 2014) (noting that court had not had occasion to decide whether § 2933 creates a liberty interest); Mousa v. Trump Admin., No. 1:19-cv-01349-LJO-SAB (PC), 2019 WL 6051611, at *6 (E.D. Cal. Nov. 15, 2019) (finding plaintiff's allegation that he was being denied the ability to earn custody credits at a higher rate failed to state a due process claim).

Fourth, Plaintiff's assertion of "deliberate indifference" does not state a cognizable federal claim.  A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. See Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." Id. at 1354 (internal citations omitted). "To state a viable Eighth Amendment-based Section 1983 claim based on overdetention, a plaintiff must show that a particular custodial official knew of and disregarded a substantial risk that the plaintiff was being incarcerated beyond the lawful termination of his sentence." Bratton v. Cty. of Riverside, No. EDCV18-00044-JVS(GJS), 2019 WL 506109, at *4 (C.D. Cal. Jan. 7, 2019), report and recommendation adopted, No. EDCV 18-44-JVS (GJS), 2019 WL 498793 (C.D. Cal. Feb. 8, 2019).  For the reasons discussed, Plaintiff's claims do not implicate a liberty interest or due process rights.  Plaintiff has not adequately alleged that defendants were deliberately indifferent to any liberty interest.  There is no indication that prison officials failed to consider or investigate Plaintiff's assertions that he was entitled to removal of the VIO administrative determinant. Indeed, Plaintiff's allegations and his administrative appeal demonstrate that prison officials expressly considered Plaintiff's claims

that he was entitled to removal of the administrative determinant and to an accelerated accrual of credits.

Finally, as to any purported state law claims, while the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

As Plaintiff has not stated a cognizable claim for relief under federal law, it will be recommended that the exercise of supplemental jurisdiction over Plaintiff's state law claims be denied and that those claims be dismissed.

**IV.     Conclusion and Recommendation**

For the reasons stated, Plaintiff's second amended complaint fails to state a cognizable federal claim for relief.  The deficiencies in the second amended complaint cannot be cured by amendment and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1.     The federal claims in this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and

2.     The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2020**                    /s/ Barbara A. McAuliffe            
                                            UNITED STATES MAGISTRATE JUDGE